UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

MORLEY P. THOMPSON, SR.,            No. 04-11142

                   Debtor(s).
_____/

KATHARINE THOMPSON,

                   Plaintiff(s),

         v.                                     A.P. No. 06-1065

GREAT AMERICAN LIFE INSURANCE CO.,

                   Defendant(s).
_____/

Memorandum and Order
_____

       The court admits to being confused by defendant's application to vacate the order to show cause in this case, as defendant has not submitted to this court the basis upon which the District Court for the Southern District of Ohio has allegedly made a ruling regarding the automatic stay in a case pending in this court. This court can only respectfully point out the following:

       1. Once a bankruptcy is filed, fraudulent conveyance claims become property of the estate. *In re MortgageAmerica Corp.*, 714 F.2d 1266, 1276 (5th Cir. 1983). Any attempt by an individual creditor to

1

prosecute such an action is an attempt to exercise control over estate property and violates § 362(a)(3) of the Bankruptcy Code. *Id.*

2. Actions taken in violation of the automatic stay are generally void. *In re Sambo's Restaurants, Inc.,* 754 F.2d 811, 816 (9th Cir. 1985).

3. Assuming that a district court may make a ruling concerning the automatic stay in a bankruptcy case not before it, the stay protects the bankruptcy estate so the bankruptcy trustee is an essential party to any ruling regarding the automatic stay.

4. A bankruptcy stay generally prohibits parties from seeking relief from district courts in other jurisdictions. *Celotex Corp. v. Edwards*, 514 U.S. 300, 115 S.Ct. 1493, 131 L.Ed.2d 403, 63 USLW 4269, 32 Collier Bankr.Cas.2d 685, 31 Fed.R.Serv.3d 355, 27 Bankr.Ct.Dec. 93 (1995).

5. It appears that the District Court could lift the automatic stay or determine it did not apply if the reference of the bankruptcy case was withdrawn to the district court for this district and the case then transferred to the Southern District of Ohio.

That having been noted (for what it is worth), it is clear that plaintiff filed this adversary proceeding in violation of an order of a United States District Court. Accordingly, and for that reason alone, the court GRANTS the ex parte application of defendant and VACATES the order to show cause.

SO ORDERED.

Dated: March 31, 2006

Alan Jaroslovsky
U.S. Bankruptcy Judge

2